## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY L. GOOCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 1:25-cv-1239-STA-jay** |
| | ) | |
| **HARLON TERRY JONES,** | ) | |
| **JOYCE JONES,** | ) | |
| **TED SAMPLE,** | ) | |
| **CHRIS HUGLAS,** | ) | |
| **EDDIE WATKINS,** | ) | |
| **JANE WATKINS,** | ) | |
| **RUTHERFORD POLICE DEPARTMENT,** | ) | |
| **RUTHERFORD CITY HALL, and** | ) | |
| **SANDY SIMPSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ORDER OF DISMISSAL
## ORDER ON APPELLATE ISSUES

On October 29, 2025, the United States Magistrate Judge issued a report and recommendation (ECF No. 10) that the Court dismiss this case for lack of subject matter jurisdiction or in the alternative for failure to state a claim for relief. Plaintiff Anthony L. Gooch filed a Pro Se Complaint on October 16, 2025. Gooch used the official form for a Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983. The gravamen of the pleading is that Defendant Harlon Terry Jones has violated a no contact order and harassed Gooch and his family. Although the pleading lists Jones and several other individuals as well as the Rutherford Police Department as Defendants, Gooch has not alleged any facts about any Defendant's involvement in his case other than his statement that Defendant Joyce Jones is the wife of Defendant Harlon Terry Jones

1

and that she is employed at Rutherford City Hall.

The Magistrate Judge has recommended that the Court dismiss the Pro Se Complaint for two reasons. First, the Magistrate Judge concluded that the Pro Se Complaint failed to show why the Court had subject-matter jurisdiction, either under federal question jurisdiction or jurisdiction based on the parties' complete diversity of citizenship and the amount in controversy. Second, even if Gooch had properly invoked the Court's subject-matter jurisdiction, the Magistrate Judge found that the Pro Se Complaint failed to state a claim because Gooch provided no facts to support the allegation of a civil rights violation. Therefore, the Magistrate Judge recommended the dismissal of the Pro Se Complaint.

Plaintiff had 14 days from the service of the Magistrate Judge's report in which to file objections. On November 10, 2025, Gooch filed with the Clerk of Court a one-page document (ECF No. 11). The caption of the filing states "Report and Recommendation." The paper consists of one sentence, which reads as follows: "I Anthony L. Gooch, I am requested too pursuant [carrying out]." The filing does not address the report and recommendation or offer any specific objections to the Magistrate Judge's reasoning or his proposed conclusions of law.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The United States District Court for the Western District of Tennessee adopted Administrative Order 2013-05 for this very purpose, referring all cases filed by non-prisoner plaintiffs to a United States Magistrate Judge for management of all pretrial matters. The Magistrate Judge has recommended the dismissal of Plaintiff's case *sua sponte* for lack of jurisdiction and the failure to state a claim

2

pursuant to 28 U.S.C. § 636(b)(1)(B). While "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151.

The Court holds that Gooch has not preserved any specific objection to the report and recommendation. Gooch's one-page, one-sentence paper does not specify any grounds for rejecting the report and recommendation. Based on its own de novo review of the Pro Se Complaint, the report and recommendation, and the entire record of the case, the Court agrees with the Magistrate Judge that Gooch has failed to state a claim for relief. As a threshold question, the Court is satisfied that it does have federal question jurisdiction under 28 U.S.C. § 1331. Under 28 U.S.C. §1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Gooch alleges claims under 42 U.S.C. § 1983, which a "law . . . of the United States." *Sexton v. Cernuto*, 18 F.4th 177, 183 (6th Cir. 2021).

The problem is Gooch's pleading fails to provide any facts to show an entitlement to relief under § 1983. The statute allows a citizen to sue a person who acted under color of law and deprived them of their constitutional rights. When a § 1983 claim is made against a municipality like the City of Rutherford, the Court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Here, the Complaint contains no facts to show that a violation of Gooch's constitutional rights occurred or

that any Defendant was responsible for a violation of Gooch's rights. Gooch has described a situation where one Defendant Harlon Terry Jones has harassed or bullied him and his family members. But that does not establish a violation of Gooch's civil rights. Other than using the official form, Plaintiff has never alleged the elements of a § 1983 claim or explained a factual basis for holding any Defendant liable for violating a right secured by the Constitution. Therefore, the Court holds that Pro Se Complaint fails to state a claim for relief.

The Court hereby **ADOPTS** the Magistrate Judge's report and recommendation. The Court **DISMISSES** the case for failure to state a claim. The Clerk of Court is directed to enter judgment.

The next issue to be addressed is whether the Court should authorize Plaintiff to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case, Gooch's failure to state a claim for relief and his lack of substantive objection to the Magistrate Judge's report and recommendation, also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The United States Court of Appeals for the Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, he must pay the entire $605 filing fee required by 28 U.S.C. §§ 1913 and 1917.

By filing a notice of appeal, Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.  The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal.  If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[4] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d at 610.

      **IT IS SO ORDERED.**

                                         **s/ S. Thomas Anderson**
                                         S. THOMAS ANDERSON
                                         UNITED STATES DISTRICT JUDGE

                                         Date: January 7, 2026.

---

[4] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.